UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN SMITH,

        Plaintiff,                              Hon. Robert J. Jonker

v.                                            Case No. 1:18-CV-961

WESTERN MICHIGAN
UNIVERSITY, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 61). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

Plaintiff, then representing himself, initiated this action on August 27, 2018, against Western Michigan University (WMU). (ECF No. 1). Plaintiff later retained counsel and amended his complaint to assert an additional claim against WMU employee Dan Maley. (ECF No. 58). Plaintiff's claims are premised on the following allegations.

In 2000, Plaintiff sued the Postmaster General of the United States alleging racial discrimination, retaliation, and hostile work environment. (ECF No. 1, PageID.52). This matter ultimately settled for $120,000.00. (ECF No. 1, PageID.53).

On August 28, 2017, Plaintiff began working as a custodian at WMU, a position he obtained through OnStaff, a private staffing service. (ECF No. 58, PageID.325). Defendant Maley was one of Plaintiff's supervisors and immediately began treating Plaintiff unfairly. For example, Maley instructed Plaintiff to "work in an unventilated closed off room with no mask or gloves." (*Id.*). Plaintiff complained to Maley "about the work environment he was forced to work in." (ECF No. 58, PageID.326).

Maley later instructed Plaintiff that "he had to Kyzen the bathroom in thirty minutes." (*Id.*). When Plaintiff responded, "that's not possible," Maley retorted, "if you can't do it, maybe you shouldn't be working here." (*Id.*). Defendant Maley later "took [Plaintiff] through a bad area containing asbestos."[1] (*Id.*). Maley later told Plaintiff that he was "friends with" Plaintiff's postal service supervisors and that "whatever they did to him at the post office was justified." (ECF No. 58, PageID.327).

On September 8, 2017, a representative of OnStaff informed Plaintiff that WMU had terminated his assignment "because of his attendance." (*Id.*). The reason given for Plaintiff's termination was "false and pretextual" as he "had perfect attendance." (ECF No. 58, PageID.327-28).

Plaintiff alleges that WMU violated his rights under Title VII of the Civil Rights Act of 1964 by unlawfully terminating his employment in retaliation for pursuing legal relief against the Postmaster General seventeen years earlier. (ECF No. 58, PageID.328). Plaintiff further alleges that Defendant Maley violated his First

---

[1] Documents attached to Plaintiff's initial complaint indicate that the "area" in question did not, in fact, contain asbestos. (ECF No. 1, PageID.29).

2

Amendment rights by unlawfully terminating his employment in retaliation for previously suing the Postmaster General. (ECF No. 58, PageID.329). Defendants now move to dismiss Plaintiff's claims. Plaintiff has responded to Defendants' motion. While Defendants have requested oral argument, such is unnecessary. *See* L.Civ.R. 7.2(d).

## ANALYSIS

### I. Defendant Western Michigan University

Plaintiff cannot assert his Title VII claim in this Court unless he first pursued such before the EEOC. *See Tisdale v. Federal Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005). While a pro se plaintiff's complaint to the EEOC must be "liberally construed," any subsequent judicial action "must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Tisdale*, 415 F.3d at 527; *Duggins v. Steak 'N Shake*, 195 F.3d 828, 831-32 (6th Cir. 1999). Accordingly, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Tisdale*, 415 F.3d at 527.

In his EEOC complaint, Plaintiff alleged that WMU unlawfully terminated his employment in retaliation for complaints he made to University officials during his tenure as a WMU student. (ECF No. 1, PageID.8). Plaintiff's EEOC complaint neither mentions the lawsuit Plaintiff brought against the Postmaster General in 2000 nor includes statements that could reasonably have prompted the EEOC to consider such in

3

their investigation. (*Id.*). In sum, it is not reasonable to interpret Plaintiff's EEOC complaint as advancing the claim he now seeks to assert against Defendant WMU. *See Tisdale*, 415 F.3d at 527 ("retaliation claims based on conduct that occurred before the filing of the EEOC charge must be included in that charge"). Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted on the ground that Plaintiff failed to exhaust administrative remedies.

## II. Defendant Maley

Plaintiff alleges that Maley unlawfully retaliated against him in violation of his First Amendment rights. Defendant argues that he is entitled to relief because Plaintiff's allegations fail to state a claim on which relief may be granted.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely

4

consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The elements of a First Amendment retaliation claim are well known. Plaintiff must establish: (1) he was engaged in protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from continuing to engage in the protected conduct; and (3) these exists a causal connection between the protected conduct and the adverse action. *See Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018).

Defendant argues that Plaintiff cannot satisfy the protected conduct element because his lawsuit against the Postmaster General did not involve a "matter of public concern."  (ECF No. 62, PageID.352).  The only authority cited for this proposition addressed a situation in which a person allegedly suffered retaliation while serving as a public employee.  While Plaintiff's employment for the postal service may have constituted "public service" in this context, Plaintiff does not allege that he was a public

5

servant when he suffered the alleged retaliation prompting this claim. Thus, the Court finds this authority inapposite.

Instead, the question is simply whether Plaintiff was engaged in protected conduct. The filing of a nonfrivolous lawsuit clearly constitutes protected conduct. *See, e.g., Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2018). Plaintiff has failed to address this element of the analysis. Nevertheless, that Plaintiff's 2000 lawsuit settled for $120,000 is sufficient inferential proof to preclude a finding that this prior action was frivolous. Defendant does not challenge the notion that termination of employment constitutes a sufficiently adverse action. Plaintiff's claim fails, however, when assessing the causation element.

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See, e.g., Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004). Moreover, as the Supreme Court recently held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury.

6

Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019).

Plaintiff has failed to allege facts or a chronology of events from which retaliation can plausibly be inferred. Plaintiff alleges that Maley terminated his employment because of a seventeen-year-old lawsuit. But, the lawsuit in question was not initiated against Maley and there is no allegation that the lawsuit concerned, accused, or implicated Maley in wrongdoing. There is likewise no allegation that Maley suffered any detriment or adverse action as a result of Plaintiff's lawsuit. Plaintiff suggests that his lawsuit against the Postmaster General was premised on actions undertaken by two of Maley's friends. There is no allegation, however, that these two individuals were ever found to have engaged in wrongdoing against Plaintiff or otherwise suffered any repercussion as a result of Plaintiff's lawsuit.

Simply put, Plaintiff's position is that Defendant terminated his employment because of a lawsuit Plaintiff pursued seventeen years before concerning alleged wrongdoing by two of Defendant's friends. Absent evidence that Defendant or his friends were implicated in Plaintiff's previous lawsuit or experienced detriment or prejudice therefrom, Plaintiff's theory of causation rests on nothing more than temporal proximity. As the Sixth Circuit has made clear, even a one-month gap between protected conduct and adverse action is insufficient to support a causal inference based on temporal proximity. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 565-67 (6th Cir. 2000); *see also, Kean v. IT-Works, Inc.*, 466 Fed. Appx. 468 (6th Cir., June 20, 2012) (gap

of less than three months between protected conduct and alleged adverse action is insufficient to support a causal inference); *Hillman v. Shelby County*, 515 Fed. Appx. 365, 371-72 (6th Cir., Feb. 13, 2013) (two-year gap between protected conduct and alleged adverse action is insufficient to support a causal inference). Accordingly, the undersigned recommends that Defendant Maley's motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 61) be granted and this action terminated.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 11, 2020  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge