UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN SMITH,

      Plaintiff,

v.

WESTERN MICHIGAN UNIVERSITY,
and DAN MALEY,

      Defendants.
_____/

CASE No. 1:18-CV-961

HON. ROBERT J. JONKER

## ORDER APPROVING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 69), Plaintiff's Objection, (ECF No. 70), and Defendants' Response (ECF No. 71). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objection.

1. **The Report and Recommendation**

The Magistrate Judge recommends granting the defense motion to dismiss. More specifically, the Magistrate recommends dismissing Count 1 of the Second Amended Complaint, which raises a Title VII claim for retaliation against Defendant WMU, because Plaintiff failed to exhaust the claim before the EEOC. The Magistrate Judge further recommends dismissing the second and final count of the Second Amended Complaint, which raises a Section 1983 claim for First Amendment Retaliation against Defendant Maley, because Plaintiff cannot meet the causation element of the retaliation claim.

Plaintiff does not object to the Magistrate's recommended disposition with respect to Count 1. Accordingly, the Court adopts this portion of the Report and Recommendation. Count 1 and Defendant WMU are therefore dismissed from this case. Plaintiff does object, however, to the Magistrate Judge's recommendation that the Court dismiss Count 2. After review, the Court respectfully disagrees with the Magistrate Judge that this count must be dismissed. Plaintiff has adequately pled a First Amendment claim of retaliation.

2. **Discussion**

Count 2 raises a claim for retaliation in violation of the First Amendment against Plaintiff's supervisor, Defendant Maley. As the Magistrate Judge set out, to establish a *prima facie* case of First Amendment retaliation under Section 1983, plaintiff must demonstrate (1) that he was engaged in a constitutionally protected activity; (2) the defendant's adverse action caused the person to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights. *Jenkins v. Rock Hill Local School Dist.*, 513

2

F.3d 580, 585-86 (6th Cir. 2008) (citing *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998)); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (setting out the above three elements).

Count 2 states a plausible First Amendment retaliation claim. Plaintiff has adequately alleged he engaged in protected conduct: he filed a lawsuit alleging racial discrimination against the United States Postal Service. The Complaint also describes an adverse action: Defendant Maley's decision to terminate Plaintiff's employment (or influence the decision of others to do so). For the reasons set out below, the Court also finds that the third element of causation has been met.

The third element of a First Amendment Retaliation claim requires Plaintiff to show that his speech was "a substantial or motivating favor in the employer's decision to take the adverse employment action against [him]." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 545 (6th Cir. 2012) (quoting *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 181 (6th Cir. 2008)). The Sixth Circuit has interpreted the phrase "motivating factor" to mean "one without which the action being challenged simply would not have been taken." *Id.* (quoting *Holzemer v. City of Memphis*, 621 F.3d 512, 525 (6th Cir. 2010)).

Plaintiff has adequately alleged that his speech was a substantial factor in the decision to terminate his employment, for purposes of Rule 12(b)(6) review. First, Plaintiff has alleged that Defendant Maley knew of Plaintiff's previous lawsuit against the United States Postal Service. Plaintiff alleges that Defendant Maley was his supervisor at WMU, and that Defendant Maley was also his supervisor when they both worked at the United States Postal Service. (Second Am. Compl. ¶ 10, ECF No. 58, PageID.325). Plaintiff further claims that Defendant

3

Maley told Plaintiff that he was "good friends" with the two supervisors at the postal service that Plaintiff had sued, and that "whatever they did to him at the post office was justified." (*Id.* at ¶ 11).

The chronology of events also supports an inference of causation, at least at this stage of things. Plaintiff alleges that he began work at WMU on August 28, 2017 where Defendant Maley was his supervisor. A series of negative interactions with Defendant Maley and those Defendant Maley had spoken to about Plaintiff's lawsuit then took place. Subsequently, and only days into his employment, Plaintiff's employment was terminated for attendance issues, even though Plaintiff had not missed a shift. (*Id.* at ¶¶ 31-32). Plaintiff says Defendant Maley terminated his employment, or alternatively that he influenced the decision of others to do so.

All this occurred approximately seventeen years after Plaintiff sued the postal service, and this was the predominant consideration that led the Magistrate Judge to recommend dismissal. It is true that when causation is largely premised on temporal proximity, courts have generally required a closer nexus in time. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 565-67 (6th Cir. 2000). However, in other retaliation contexts, courts have held that where there is "a significant time gap between the protected expression and the adverse action, the plaintiff must offer additional evidence to demonstrate a causal connection, such as a pattern of antagonism or that the adverse action was the first opportunity for the employer to retaliate." *Jones v. Suburban Propone, Inc.*, 577 F. App'x 951, 955 (11th Cir. 2014) (quotation marks and citation omitted) (addressing claim of race discrimination and retaliation under 42 U.S.C. § 1981). The allegations in Plaintiff's Complaint, accepted as true, establish that Defendant Maley retaliated against Plaintiff for suing the post office at his first opportunity to do so, days into Plaintiff's employment

at WMU where Defendant Maley was his supervisor. The Court finds this to be sufficient, for Rule 12 purposes, to meet the causation element of a First Amendment retaliation claim,

The defense contends that, even so, Defendant Maley cannot be liable because he was not the decision maker regarding Plaintiff's employment. But this case is not like *Heyerman* where the prisoner plaintiff pursued a case against the prosecuting attorney for the actions of the assistant prosecutors under a theory of respondeat superior. *See Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Rather Plaintiff's suit is focused on the actions of Defendant Maley himself. He claims that Defendant Maley terminated his employment, or at least participated in the decision to do so. Thus Plaintiff alleges that Defendant Maley is liable for his own unconstitutional behavior, not that he is liable for the behavior of others. The defense further contends that Defendant Maley is entitled to qualified immunity. The Court determines that this issue is best resolved following discovery on the summary judgment record.

Finally, because Plaintiff is now represented by counsel, and this case is continuing on the First Amendment retaliation claim, the Court vacates the September 2, 2018 order of reference to the United States Magistrate Judge. Further proceedings in this matter shall be conducted by the undersigned.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 69) is approved in part and denied in part.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 61) is **GRANTED in part** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Count 1 of the Second Amended Complaint is **DISMISSED** for failure to state a claim.  This being the only claim raised against Defendant Western Michigan University, that defendant is **DISMISSED** from this case.  This case will proceed on Count 2 of the Second Amended Complaint, alleging a Section 1983 claim of First Amendment Retaliation against Defendant Maley.

**IT IS FURTHER ORDERED** that the September 2, 2018 Order of Reference (ECF No. 5) referring this matter to United States Magistrate Judge Green for handling all matters under § 636(a) and § 636(b)(1)(A0 and for submission of recommendations on dispositive motions under § 636(b)(1)(B) is **VACATED.**

Dated:     October 5, 2020                           /s/ Robert J. Jonker
                                                                             ROBERT J. JONKER
                                                                            CHIEF UNITED STATES DISTRICT JUDGE